IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARRELL SULLIVAN,** | |
| **Plaintiff,** | |
| v. | Case No. 26-CV-00177-SPM |
| **DORS,** | |
| **Defendant.** | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court on a Complaint (Doc. 3), a Motion for Leave to Proceed *in forma pauperis* ("IFP") (Doc. 4), and a Motion for Recruitment of Counsel (Doc. 5) filed by *pro se* Plaintiff Darrell Sullivan. Plaintiff Sullivan's form Complaint contains a single sentence stating that he wants "money back from not watching a video/training that was demanded." (Doc. 3, p. 6).

### APPLICABLE LEGAL STANDARDS

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). When assessing a motion to proceed IFP, a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed IFP. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or

facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). The analysis of a complaint pursuant to § 1915(e)(2)(B)(ii) "is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), which requires the Court to determine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Jones v. Lumpkin*, No. 23-CV-4644, 2023 WL 8879767, at *2 (E.D. Pa. Dec. 22, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted)) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

When assessing the plaintiff's complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. *Id*. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). "[I]nstead, the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). Indeed, Federal Rule of Civil Procedure 8(f) states that "[a]ll pleadings shall be so construed as to do substantial justice." "Moreover, '[a] litigant who appears pro se should not be treated more harshly for negligent errors than one represented by an attorney. Otherwise, only those wealthy enough to be able to afford an attorney would be able to insulate themselves from the consequences of an occasional human error . . . .'" *Sanders v. Melvin*, 25 F.4th 475 (7th Cir. 2022) (quoting *Schilling v. Walworth Cnty. Park & Plan. Comm'n*, 805 F.2d 272, 277 n.8 (7th Cir. 1986)).

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Additionally, Rule 8 requires that "[e]ach allegation must be simple, concise, and *direct*." FED. R. CIV. P. 8(d)(1) (emphasis added). Rule 10 further requires "each claim founded on a separate transaction or occurrence . . . be stated in a separate count or defense." FED. R. CIV. P. 10(b). These rules, while not setting a high bar at the pleading stage, do require that plaintiffs abide by them at risk of pleading themselves out of a case. That may occur "where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct." *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011); *see Mohammed v. Prairie State Legal Servs., Inc.*, No. 20-2419, 2021 WL 4962988 at *1 (7th Cir. Oct. 26, 2021) ("unintelligibility justifies dismissal."). Further, these rules exist "to give defendants fair notice of the claims against them and the grounds supporting the claims." *Stanard*, 658 F.3d at 797; *see Intercom Ventures, LLC v.*

*FasTV, Inc.*, No. 13 C 232, 2013 WL 2357621 at *5 (N.D. Ill. May 28, 2013) ("First, a complaint must describe the plaintiff's claims and the ground supporting them in 'sufficient detail to give the defendants fair notice' of the claim alleged against them.").

## ANALYSIS

First, examining Plaintiff Sullivan's Complaint in the light most favorable to him, assuming facts as true, and drawing any reasonable inferences, it is evident that his Complaint does not state a claim, disregards Federal Rules of Civil Procedure 8 and 10, and appears to assert claims against a single Defendant with little to no factual support. (*See* Doc. 3). Plaintiff Sullivan does not provide *any* information about Defendant "DORS," his claims, or his injuries apart from stating that stating that he wants "money back from not watching a video/training that was demanded." (*Id.*, p. 6). While he checked the box stating that he seeks injunctive relief from a government agency custom or policy that has violated his rights (*id.*, p. 2), his request for "money back" indicates that he seeks damages, not an injunction (*id.*, p. 6). Overall, Plaintiff's Complaint fails to follow Rule 8's requirements that he make a short and plain statement for relief and simple, concise, and direct allegations. (*See* Doc. 3). Furthermore, his Complaint also fails to comply with Rule 10 because he does not allege any facts whatsoever, much less allege *how* the facts underlying his claim applies to the Defendant. (*See id.*).

Second, while Plaintiff did use the appropriate form for his IFP Motion (Doc. 4), he does not include any employment information in Question 2 and does not provide details of his "other income" as required by Question 3. Additionally,

Plaintiff's form Motion for Recruitment of Counsel merely states that Plaintiff is "not sure what's going on" and lists several prescription medications he is taking. (Doc. 5, p. 2). Recall that "[a] federal court is authorized under 28 U.S.C. § 1915(a)(1) to permit an indigent party to proceed in a civil action without prepaying the filing fee if the party 'submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor.'" *Lidy v. Stevens Indus.*, No. 3:19-CV-1266-MAB, 2020 WL 12880835, at *1 (S.D. Ill. Jan. 30, 2020). Seventh Circuit caselaw states that:

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Farmer v. Haas*, 990 F.2d 319, 32122 (7th Cir. 1993))). This first prong is a "threshold question the district court must ask before ruling on a § 1915(e)(1) motion." *Pruitt* at 655.

However, this Court notes that a showing of indigency is *required* before reaching the *Pruitt* analysis. *See Lidy*, 2020 WL 12880835, at *1. Plaintiff Sullivan has not offered any evidence to prove that he has attempted to recruit counsel on his own or that he is indigent. Thus, because this Court has not found Plaintiff to be indigent, it does not have the discretion to recruit counsel for him. *Id.* (citing *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1))).

Considering the above, both Motions must be denied for failure to provide the minimum amount of information this Court requires in order to determine whether or not Plaintiff is indigent.

28 U.S.C. § 1915(e)(2) expressly states that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal" either "is frivolous or malicious" or "fails to state a claim on which relief may be granted." The Seventh Circuit has defined "frivolous" as "lack[ing] an arguable basis either in law or in fact." *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). That being said, in the interest of justice, this Court will provide Plaintiff Sullivan with an opportunity to submit an amended complaint in accordance with Federal Rule of Civil Procedure 15(a)(2) as well as a renewed IFP motion that complies with this Court's requirements. Plaintiff's new pleadings shall comply with Rules 8 and 10 and shall cure all of the defects noted in this Order. Plaintiff's renewed IFP Motion must clearly establish his indigency.

## CONCLUSION

Therefore, Plaintiff Darrell Sullivan's Complaint (Doc. 3) is **DISMISSED without prejudice**. Plaintiff's Motion for Leave to Proceed *in forma pauperis* ("IFP") (Doc. 4) and Motion for Recruitment of Counsel (Doc. 5) are both **DENIED without prejudice**. Plaintiff Sullivan may file an amended complaint and a renewed motion for leave to proceed *in forma pauperis* no later than March 11, 2026. To clarify, the Court must *receive* these documents no later than March 11, 2026. Failure to do so will result in dismissal of this case for failure to prosecute in accordance with Federal Rule of Civil Procedure 41(b). *See* FED. R. CIV. P. 41(b); *see also James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993).

IT IS SO ORDERED.

DATED: February 18, 2026

                                                            *s/ Stephen P. McGlynn*
                                                            STEPHEN P. McGLYNN
                                                            U.S. District Judge